IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ERIC HAFEEZ,                                          §
                                                      §
                        Plaintiff,                    §
                                                      §
VS.                                                   §      Civil Action No. 3:26-CV-0309-D
                                                      §
EXPERIAN INFORMATION                                  §
SOLUTIONS, INC.,                                      §
                                                      §
                        Defendant.                    §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Eric Hafeez ("Hafeez") moves to remand the case to

the justice court.  For the reasons that follow, the court denies the motion.

I

Hafeez filed a small claims petition in Dallas County Justice Court, alleging that

defendant Experian Information Solutions, Inc. ("Experian") violated various provisions of

the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  Experian removed the

case to this court on the basis of federal question jurisdiction.  *See* 28 U.S.C. §§ 1331, 1441.

Hafeez now moves to remand the case to the justice court on the basis that state courts have

concurrent jurisdiction over his FCRA claims.  Experian opposes the motion, which the court

is deciding on the briefs, without oral argument.

II

The court begins with a procedural matter. Hafeez filed the instant motion to remand on February 6, 2026. He later filed, on March 2, 2026, a combined notice of no response, motion to remand, and motion for protective order and a separate notice and objection to defendant's untimely and unserved response. Hafeez also filed an objection to Experian's response brief, contending that the response was untimely under N.D. Tex. Civ. R. 7.1. The court overrules these motions and objection.

Hafeez filed his motion to remand on February 6, 2026. Under N.D. Tex. Civ. R. 7.1(e), Experian's response was due February 27, 2026, i.e., 21 days after the motion was filed. Because Experian filed its response on February 27, 2026, the response was timely.

Hafeez is also incorrect in contending that Experian is responsible for the failure to effect service of its response. Because Hafeez, a *pro se* litigant, does not appear to have registered as an ECF user, service was supposed to have been made through the court's electronic filing system: Experian made an electronic filing that the clerk of court then mailed to Hafeez. The docket reflects that this has occurred several times, but may not been done with Experian's response to Hafeez's remand motion. If the clerk of court in fact failed to mail Experian's response to Hafeez, that is a failure of the clerk's office, not Experian. And it is no basis to disregard Experian's response brief. The court therefore denies Hafeez's corollary motions.

III

The court now turns to the merits.  Under 28 U.S.C. § 1441, unless Congress expressly provides otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  Hafeez does not dispute that his justice court petition, which alleges claims only under FCRA, "raises issues of federal law sufficient to support federal question jurisdiction." *Franklin v. City of Dallas*, 2017 WL 2666246, at *1 (N.D. Tex. June 21, 2017) (Fitzwater, J.) (citation and internal quotation marks omitted).

Hafeez contends that removal was improper because state courts have concurrent jurisdiction over FCRA claims.  But Congress' act of conferring concurrent jurisdiction does not, by itself, prohibit a removal that is otherwise proper.  *See White v. Enron Corp., Merger Severance Plan*, 686 F. Supp. 582, 583 (N.D. Tex. 1988) (Sanders, C.J.).  In other words, the fact that state and federal courts have concurrent jurisdiction does not alone make the case non-removable.  And Hafeez identifies no provision of FCRA that prohibits removal of claims brought under that statute.  *See id.* ("Had Congress intended to prohibit removal . . . it would have said so.").

Accordingly, because this court has federal question jurisdiction over Hafeez's claims, removal was proper, and Hafeez's motion to remand should be denied.

\*    \*    \*

For the reasons explained, Hafeez's motion to remand is denied.

**SO ORDERED**.

March 23, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE