IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC HAFEEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-0309-D |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court now decides two pending motions in this removed action: (1) *pro se* plaintiff Eric Hafeez's ("Hafeez's") May 15, 2026 "Motion to Compel Limited Supplemental Discovery Responses" from defendant Experian Information Solutions, Inc. ("Experian"); and (2) Hafeez's May 18, 2026 "Updated Motion to Compel Limited Supplemental Discovery Responses" from Experian. For the reasons that follow, the court grants in part and denies in part Hafeez's May 15, 2026 motion, and denies his May 18, 2026 motion.

I

The court will only recount the background facts that are relevant to the instant motions. Hafeez alleges that Experian violated various provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, while handling disputes related to his Freedom Mortgage Corp account. Hafeez served discovery requests on Experian. Experian served objections and responses to each set of discovery requests, and produced 2,428 pages of responsive documents. Hafeez then filed two motions to compel supplemental responses to

his discovery requests.  Experian opposes the motions, which the court is deciding on the briefs, without oral argument.

II

Under Fed. R. Civ. P. 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Rule 26(b)(1).  And under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or to respond to an interrogatory or request for admission. Rule 37(a)(3)(B)(iii), (iv).

In the Fifth Circuit, "a party who opposes its opponent's request for production [must] 'show specifically how . . . each [request] is not relevant[.]'"  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second and third alterations in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." (citations omitted)).  And a party seeking to resist discovery based on proportionality grounds

- 2 -

> bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address—insofar as that information is available to it—the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Orchestrate HR*, 178 F.Supp.3d at 505, *objections overruled sub nom. Orchestratehr, Inc.*

*v. Trombetta*, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016) (Starrett, J.).

III

The court first considers Hafeez's May 15, 2026 motion to compel.

A

Hafeez seeks to compel Experian to produce supplemental responses to his requests for production that provide additional information regarding Experian's search for electronically stored information ("ESI"). In particular, he requests that Experian do the following: (1) identify "the databases, systems, or repositories searched for [his] dispute intake and reinvestigation records," P. Br. (ECF No. 24) at 2; (2) identify the "custodians, departments, or business units included in the search," *id.*; (3) describe "the search methodology used, including date ranges, filters, keywords, and search parameters," *id.*; and (4) explain "how [his] dispute event identifiers are recorded, processed, and mapped within [Experian's] internal systems," *id.* Experian objects on the ground that the requested information is not proportional to the needs of the case and includes confidential and proprietary information.

- 3 -

B

The court grants Hafeez's motion to compel insofar as it seeks the names of the custodians whose ESI was searched, date ranges for the searches, and the search terms applied in Experian's ESI search related to Hafeez's requests for production. "A producing party generally has an obligation to collect and review ESI pursuant to its own search protocol . . . and to provide the requesting party with the names of custodians whose ESI was searched, date ranges for the searches, and any search terms applied." *U.S. Equal Emp. Opportunity Comm'n v. Exxon Mobil Corp.*, 347 F.R.D. 451, 468 (M.D. La. 2024) (alteration in original) (quoting *Brown v. Barnes & Noble, Inc.*, 474 F.Supp.3d 637, 646 n.5 (S.D.N.Y. 2019)). "Such information is properly included in written responses to document requests pursuant to Rule 34's specificity requirements." *Id.* (citation omitted).

But Experian need not produce the additional information that Hafeez requests, such as the "databases, systems, or repositories searched," or an "[e]xplanation of how [Hafeez's] dispute event identifiers are recorded, processed, and mapped within [Experian's] internal systems." P. Br. (ECF No. 24) at 2. Experian has satisfied its burden of demonstrating that Hafeez's request for such an extensive description of its ESI search methodology is not proportional to the needs of this case. And the custodian names, search terms, and date ranges are sufficient to enable Hafeez to examine the scope of Experian's ESI search and raise any problems with the search that he may find. *Exxon Mobil*, 347 F.R.D. at 468 ("If problems are found with the search, a requesting party can raise them afterwards." (citation omitted)).

- 4 -

Accordingly, the court grants in part and denies in part Hafeez's May 15, 2026 motion to compel.[1]

IV

The court turns next to Hafeez's May 18, 2026 motion to compel.

A party's motion to compel must meet certain threshold requirements under Rule 37(a) in that it must attach

> a copy of the discovery requests at issue . . . and of the resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining . . . how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute.

*Woolery v. Doty*, 2023 WL 416556, at *1 (N.D. Tex. Jan. 25, 2023) (Fitzwater, J.) (alterations in original) (quoting *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017) (Horan, J.)).

Hafeez has not identified the discovery requests at issue. Nor has he attached a copy

---

[1]Hafeez's May 15, 2026 motion to compel—like his May 18, 2026 motion, *see infra* at § IV—fails to identify the specific discovery requests at issue. But the court will not deny the May 15 motion on this basis. This motion does not seek additional documents tied to specific discovery requests; rather, it seeks information regarding the parameters of Experian's ESI searches, which would enable Hafeez to determine whether Experian's responses to individual discovery requests were sufficient. Moreover, Experian's concerns about its right to determine its own search protocol are unwarranted at this stage because this memorandum opinion and order does not require Experian to change its search protocol or conduct another search.

- 5 -

of his discovery requests or of Experian's responses and objections to those requests. Hafeez has therefore failed to meet the threshold requirements of Rule 37(a), and his May 18, 2026 motion to compel is denied. *See id.* at *1 (denying motion to compel where plaintiff did not identify discovery requests at issue); *Bradley v. Cap. One Bank (USA) N.A.*, 2026 WL 852185, at *2 (N.D. Tex. Mar. 2, 2026) (Ray, J.) (denying motion to compel similar information partially because movant did not identify "which specific interrogatory responses [were] deficient").

\*   \*   \*

For the reasons explained, the court grants in part and denies in part Hafeez's May 15, 2026 motion to compel, and denies his May 18, 2026 motion to compel.

**SO ORDERED**.

July 27, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE